# EXHIBIT B

Execution Copy

**DATED** 2 MARCH ~~FEBRUARY~~ 2016

## (1) RAK INVESTMENT AUTHORITY

## (2) HEAVYLIFT INTERNATIONAL AIRLINE

## (3) FARHAD AZIMA

---

### SETTLEMENT AGREEMENT

---



**Dechert LLP**
160 Queen Victoria Street
London EC4V 4QQ, UK
Tel: +44 (0) 20 7184 7000
Fax: +44 (0) 20 7184 7001

368339.5

THIS AGREEMENT is made on 2 MARCH ~~February~~ 2016

BETWEEN:

(1) **RAK INVESTMENT AUTHORITY** of PO Box 31291, Jazeera Al Hamra, RAK, UAE ("**RAKIA**"); and

(2) **HEAVYLIFT INTERNATIONAL AIRLINES** of PO Box 9061, Sharjah, United Arab Emirates ("**HeavyLift**"), and

(3) **FARHAD AZIMA** of 5921 Ward Parkway, Kansas City, Missouri 64113, USA ("**Mr Azima**");

(together, the "**Parties**")

**WHEREAS:**

(A) By an agreement dated 12 April 2007, HeavyLift and RAK Airways PJSC ("**RAK Airways**") entered into a joint venture (the "**Joint Venture Agreement**") to establish an Aircraft Simulator and Training Facility at Ras Al Khaimah International Airport, located in Ras Al Khaimah, UAE ("**RAK**");

(B) RAKIA guaranteed the performance of RAK Airways under the Joint Venture Agreement;

(C) HeavyLift, acting through Mr Azima, has asserted that RAK Airways owes HeavyLift for investments HeavyLift made in the joint venture pursuant to the Joint Venture Agreement;

(D) RAKIA does not agree that there is any legal basis for any such claim;

(E) Mr. Azima has recently provided negotiation assistance to RAKIA on an informal basis which RAKIA recognises and appreciates;

(F) Each Party has the greatest of respect for the other Parties, and wishes to resolve all outstanding issues relating to the Joint Venture Agreement.

**IT IS AGREED** as follows:

1.  **PAYMENT**

1.1 RAKIA will pay HeavyLift the sum of $2,600,000 to resolve all claims which Mr Azima or HeavyLift may have against it or any other RAK Entity as further detailed in paragraph 3.1.

368339.5



1.2  The payment shall be made by wire transfer to the following account by within 30 (thirty) days of the signing of this Settlement Agreement:

    1.2.1  American Bank and Trust Co, 6060 American Plaza, Tulsa, OK 74135

        ABA Routing No: 1039-0156-9

        Account name: Heavylift International Airlines

        Account Number: 72694

2.  **EFFECT OF THIS AGREEMENT**

This Settlement Agreement shall immediately be fully and effectively binding on the Parties in accordance with its terms.

3.  **SETTLEMENT AND WARRANTY**

3.1  This Settlement Agreement is in full and final settlement of all claims, in any jurisdiction, whether or not presently known to them or to the law that Mr Azima or HeavyLift or any of its owners has had, shall or may have against RAKIA, RAK Airways or any other RAK Entity.

3.2  Mr Azima and HeavyLift each expressly and separately warrants and confirms to RAKIA that he/it (respectively) has at all times acted in good faith and with the utmost professional integrity and will continue in the future to act in good faith and with the utmost professional integrity towards RAKIA, RAK Airways and any other RAK Entity:

The payment made to HeavyLift pursuant to this Settlement Agreement is made in reliance on this express warranty and confirmation.

For the purposes of this Sub-clause, **"acted in good faith"** and **"act in good faith"** each means (1) participating in conduct which meets the standard expected of reasonable business persons in the context and includes acting in ways which were or are, or are likely to be, non-detrimental to the interests of RAKIA or any other RAK Entity, and (2) not encouraging others to participate in conduct which fails to meet the standard expected of reasonable business persons in the context or acting in ways which were or are likely to be detrimental to the interests of RAKIA or any other RAK Entity and (3) not participating in any illegal activity.

In this Agreement "RAK Entity" shall mean any entity in which RAKIA or the Government of RAK has a shareholding interest (irrespective of where that entity may be incorporated).

4.  **NO ADMISSION**

This Settlement Agreement is not, and shall not be represented or construed by any Party as, an admission of liability or wrongdoing on the part of any Party to this Settlement Agreement or

368339.5

any other person or entity or the acceptance or rejection of the validity of any agreements agreed or concluded between the Parties before this date.

| | |
|---|---|
| 5. | **CONFIDENTIALITY AND NON-DISPARAGEMENT** |
| 5.1 | The existence and terms of this Settlement Agreement, and the substance of all negotiations in connection with it, are confidential to the Parties and their advisers, who shall not disclose them to any third party without the written consent of the other Parties other than: |

- 5.1.1 by RAKIA to its senior management (or the senior management of any RAK Entity), or by any Party to its auditors, insurers and lawyers on terms which preserve confidentiality;

- 5.1.2 pursuant to an order of a court of competent jurisdiction or pursuant to any proper order or demand made by any competent authority or body such that a Party is under a legal or regulatory obligation to make such a disclosure;

- 5.1.3 as far as necessary to implement and enforce any of the terms of this Settlement Agreement; and

- 5.1.4 to issue an agreed statement to their employees and shareholders in terms pre-agreed by the other Parties.

5.2 Each Party agrees not to disparage any other Party or any other RAK Entity. In particular, the Parties shall not at any time publish or otherwise make any statement concerning any other Party and/or any other RAK Entity which is derogatory or disparaging or which is intended to or could reasonably be expected to lower their respective reputations.

6. **INVALIDITY**

If at any time any one or more of the provisions of this Deed is or becomes illegal, invalid or unenforceable in any respect under any law of any jurisdiction, neither the legality, validity and enforceability of the remaining provisions of this Settlement Agreement nor the legality, validity or enforceability of such provision under the law of any other jurisdiction shall be in any way affected or impaired as a result.

7. **GOVERNING LAW AND JURISDICTION**

This Settlement Agreement and any dispute or claim arising out of, or in connection with, it or its subject matter or formation (including, without limitation, any contractual or non-contractual

368339.5

disputes, claims or obligations) is governed by and shall be construed in accordance with English law and the Parties submit to the exclusive jurisdiction of the courts of England and Wales.

This Settlement Agreement has been executed as a Deed and is delivered and takes effect on the date stated at the beginning of it.

EXECUTED as a deed by RAK
Investment Authority acting by
_____, a director and,
J̶o̶n̶e̶s̶ ̶B̶o̶e̶t̶t̶n̶e̶r̶ ̶i̶n̶k̶ a director /its
secretary

Director
NASER ALBUSTAMI

[Director/Secretary]

M.R Ziegler
MICHAEL ZIEGLER

NEIL SIMARD
DECHERT LLP
LONDON

EXECUTED as a deed by
HEAVYLIFT INTERNATIONAL
AIRLINES acting by:

FARHAD AZIMA, director; and

RAY ADAMS, director/ company
secretary

Director

[Director/Secretary]

EXECUTED as a deed by FARHAD
AZIMA
in the presence of:

Name: RAY ADAMS
Address: 11349 BUENA VISTA ST., LEAWOOD, KS 66211
Signature: [signature]

368339.5