**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| FARHAD AZIMA,<br><br>Plaintiff,<br><br>v.<br><br>RAK INVESTMENT AUTHORITY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:16-CV-01948-KBJ |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER TO PRECLUDE FURTHER DISSEMINATION AND USE OF STOLEN DOCUMENTS**

Kirby D. Behre (D.C. Bar # 398461)
Timothy O'Toole (D.C. Bar # 469800)
Charles F. B. McAleer. Jr. (D.C. Bar # 388681)
Ian A. Herbert (D.C. Bar # 1019902)
Miller & Chevalier Chartered
900 16th Street, NW
Washington, D.C. 20006
Tel: (202) 626-5800
Fax: (202) 626-5801
Email: kbehre@milchev.com
Email: totoole@milchev.com
Email: cmcaleer@milchev.com
Email: iherbert@milchev.com

*Counsel for Plaintiff Farhad Azima*

Dated: March 28, 2017

Plaintiff, Farhad Azima ("Plaintiff"), through counsel, respectfully moves for the entry of a protective order, pursuant to Fed. R. Civ. P. 26(c) and the Court's inherent powers, prohibiting further dissemination, directly or indirectly, of any documents of or relating to Plaintiff and his business associates that Defendant and his counsel have downloaded from BitTorrent sites or has otherwise obtained, as alleged in Paragraph 18 of the Complaint, including documents in Exhibit E, which was previously sealed by Order dated January 12, 2017. *See* Complaint at 6 (Sept. 30, 2016) (ECF No. 1) and Order Granting Motion to Seal at 3, (Jan. 12, 2017) (ECF No. 20) (hereinafter "Order"). Those documents are at issue in this case and will be an essential component of discovery in this matter. Plaintiff has repeatedly put Defendant on notice of its obligations to preserve the documents and all electronically-stored information (including metadata) associated with the documents. *See* Plaintiff's Motion to Seal Exhibit E, at Ex. 1, 2, 4 (Dec. 15, 2016) (ECF No. 14) (hereinafter "Pl.'s Mot. Seal"). Defendant's counsel has admitted that Defendant is in possession of approximately 30 GB of Plaintiff's stolen electronic data.

As Plaintiff made clear in his Motion to Seal, the stolen documents are not available publicly. *Id*. Despite numerous and repeated attempts, experts engaged by Plaintiff have been unable to download the documents from the Dark Web Torrent sites from which RAKIA's counsel claims to have stumbled upon the documents. As the court ruled in its Order Granting Motion to Seal, "Azima has a significant privacy interest in [the stolen documents in the exhibit Defendant filed publicly], and indeed, there has been little, if any, previous public access to these documents." Order at 3, (Jan. 12, 2017) (ECF No. 20). In order to ensure that this Court's order is given its full effect, Plaintiff requests an order prohibiting any further dissemination of these stolen documents.

In Defendant's Motion to Dismiss, Defendant's counsel publicly filed some of the stolen documents. Defendant's Motion to Dismiss, (Dec. 12, 2016) (ECF No. 13) (hereinafter "Def's Mot. Dismiss"). Plaintiff quickly moved for the sealing of these documents because they contained confidential and proprietary information and because the documents were not publicly available. Pl.'s Mot. Seal (ECF No. 14). Moreover, as Plaintiff described in that motion, Defendant knew the stolen documents contained confidential and proprietary documents because Plaintiff's counsel had repeatedly alerted Defendant of that fact. *Id*.

In opposing Plaintiff's sealing motion, Defendant argued that the documents were publicly available and that there is a presumption to access of documents in judicial proceedings. Defendant's Opposition to Plaintiff's Motion To Seal (Dec. 29, 2016) (ECF No. 16) (hereinafter "Def's Opp'n to Pl.'s Mot. To Seal"). The Court considered and rejected Defendant's arguments, finding that "there is little public interest in access" to the documents, "Azima has a significant privacy interest" in the documents, and "there has been little, if any, previous public access to these documents" and ordering the documents sealed. Order at 3 (Jan. 12, 2017) (ECF No. 20).

As discussed in Plaintiff's Motion to Seal, the stolen documents are not publicly available, and Defendant or Defendant's counsel appear to be the only parties that have successfully obtained them. For more than four months, experts engaged by Plaintiff have been unable to download the documents from the Dark Web Torrent sites from which RAKIA's counsel allegedly downloaded the stolen emails. Defendant's counsel remains the only person Plaintiff is aware of who has obtained these documents from the Torrent sites. To date, no other person or entity has claimed publicly or privately that it has the stolen documents (other than a reporter, as described below), and nobody has attempted to use Plaintiff's stolen data to access

his bank accounts, credit cards or similar financial accounts. Other than Defendant, not a single person has attempted to extort Plaintiff with his stolen documents, has sued Plaintiff based upon his stolen documents, or has indicated even indirectly that they have reviewed the stolen documents, other than Defendant's counsel and the reporter noted below.

Recently, a reporter for a major news media outlet contacted Plaintiff regarding this case and Defendant's suit in the United Kingdom against Plaintiff. The reporter stated that he too has been unable to download the stolen documents from the Torrent sites, but nevertheless has obtained copies of the stolen documents. While understandably a reporter will not divulge his source, since we are unaware that anyone other than Defendant's counsel has copies of the stolen documents, there is reason to believe that Defendant may have directly or indirectly supplied the stolen documents to the reporter. If Defendants provided the sealed documents to a reporter it would be in contravention of the spirit, if not the letter, of this Court's order sealing of some of the documents. When confronted during the meet and confer process about the reporter's possession of the stolen documents, Defendant did not deny that it provided the emails to the reporter.

The defendant should not be permitted to do indirectly what this court prohibited it from doing directly in a prior order. *Cf. Darui v. U.S. Dep't of State*, 798 F.Supp.2d 32, 42 (D.D.C. 2011) (documents are placed under seal to prevent the public from viewing them); *Morgan v. U.S. Dep't of Justice*, 923 F.2d 195, 197 n.2 (D.C. Cir. 1991) ("'[I]f a court orders a deposition sealed it normally prohibits the parties and attorneys from making any disclosure of the contents of the deposition to any third party.'" (quoting Wright & Miller, 8A Fed. Practice & Procedure § 2042 (3d ed.) (1970)). Regardless of whether Defendant or Defendant's counsel was responsible for distributing the stolen documents to the reporter, Plaintiff requests an order

prohibiting further distribution of the stolen documents, directly or indirectly, to any third party other than counsel of record and their experts and consultants.

In addition to the Court's inherent authority to take steps necessary to give full effect to its orders, Fed. R. Civ. P. 26(c) gives the Court broad authority to issue for good cause shown "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including through forbidding disclosure. This Court has already determined that Plaintiff's interest in the protection of these confidential and proprietary documents is "significant" while the public interest in the documents is "little." Order at 3, (Jan. 12, 2017) (ECF No. 20). For the same reasons articulated by the Court in its Order Granting Motion to Seal, the balancing of the interests favors forbidding the further disclosure of these non-public, confidential, and proprietary documents.

Plaintiff repeatedly conferred with Defendant's counsel regarding this proposed order, and the parties exchanged multiple drafts of the proposed order. The proposed order included with this motion is the last version the parties exchanged.

Defendant should not be permitted unfettered use and disclosure of approximately 30 GB of Plaintiff's stolen data, which Defendant knows to be stolen. Plaintiff requests an order prohibiting the direct or indirect disclosure of any documents of or relating to Plaintiff and his business associates that were downloaded to or obtained from BitTorrent sites, as alleged in Paragraph 18 of the Complaint. Complaint at 6 (Sept. 30, 2016) (ECF No. 1). Defendant has not consented to the requested relief.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion should be granted and the proposed Order should be entered preventing the disclosure and use of the stolen documents Defendant's counsel has admitted to downloading from the Dark Web.

Respectfully submitted,

Dated: March 28, 2017

/s/ Charles F. B. McAleer, Jr.

Kirby D. Behre (D.C. Bar # 398461)
Timothy O'Toole (D.C. Bar # 469800)
Charles F. B. McAleer, Jr. (D.C. Bar # 388681)
Ian A. Herbert (D.C. Bar # 1019902)
Miller & Chevalier Chartered
900 16th Street, NW
Washington, D.C. 20006
Tel: (202) 626-5800
Fax: (202) 626-5801
Email: kbehre@milchev.com
Email: totoole@milchev.com
Email: cmcaleer@milchev.com
Email: iherbert@milchev.com

## LOCAL CIVIL RULE 7(m) CERTIFICATE

I HEREBY CERTIFY, pursuant to Local Civil Rule 7(m), that I have engaged in repeated communications with counsel for Defendant regarding the issues which are the subject of this Motion in an effort to resolve those issues without the necessity of filing this Motion. As reflected in the above motion, Plaintiff provided Defendant with multiple drafts of the proposed order. Despite repeated communications and modifications to the proposed order, counsel for Defendant did not consent to the relief requested in this Motion.

/s/Charles F.B. McAleer, Jr.
Charles F.B. McAleer, Jr.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 28th day of March, 2017, a true and genuine copy of the foregoing was sent by ECF to the following:

Linda C. Goldstein (*pro hac vice*)
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Linda.goldstein@dechert.com

D. Brett Kohlhofer (D.C. Bar # 1022963)
Dechert LLP
1900 K Street, NW
Washington, D.C. 20006
Telephone: (202)261-3349
d.brett.kohlhofer@dechert.com

*Attorneys for Defendant*

/s/ Charles F. B. McAleer, Jr._________
Charles F. B. McAleer, Jr.