IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FARHAD AZIMA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:16-CV-01948-KBJ |
| v. ) | |
| ) | |
| RAK INVESTMENT AUTHORITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR
LEAVE TO SERVE THIRD PARTY SUBPOENAS PRIOR TO A
<u>RULE 26(f) CONFERENCE TO PRESERVE EVIDENCE</u>**

Plaintiff Farhad Azima ("Plaintiff" or "Mr. Azima") files this Memorandum in Support of Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference to Preserve Evidence.

### INTRODUCTION

As alleged in the First Amended Complaint, which the Court has found gives rise to plausible and actionable claims (Mem. and Op., Mar. 30, 2018, ECF No. 41), RAKIA, directly and/or through its agents, accessed Mr. Azima's computers, without permission or authorization by Mr. Azima, on certain occasions, including on or about October 14, 2015.  *See* First Am. Compl., May 16, 2017, ECF No. 28 ¶ 26.  At least two IP addresses – one located in New York and the other in Florida – were utilized to gain unauthorized access to Mr. Azima's computers. On information and belief, the Florida IP address (107.168.23.70) is registered to Miami Cloud Hosting in Miami, Florida.  Miami Cloud Hosting is owned or controlled by Micfo, a company based in Charleston, South Carolina.  The New York IP address (47.74.37.84) is registered to

1

Internet Security – New York, in New York, New York. *See* Pl.'s Decl. of Thomas Kiernan, July 11, 2017, ECF No. 34-1; *see also* Def.'s Decl. of James Hung, July 25, 2017, ECF No. 35-4.

As a result of its illegal access to Mr. Azima's computers, RAKIA, directly and/or through its agents, stole Mr. Azima's data and was able to monitor his communications in real time, to send emails that appeared to come from Mr. Azima and to delete data from Mr. Azima's computers. ECF No. 28 ¶ 30. After stealing Mr. Azima's data, RAKIA directly and/or through its agents laundered the stolen data through BitTorrent sites and disseminated the data in a deliberate, calculated effort to harm Mr. Azima. ECF No. 28 ¶¶ 34-60.

As further alleged in the First Amended Complaint, in late July 2016, Dechert's Neil Gerrard, counsel to Defendant RAKIA, threatened to make Mr. Azima collateral damage in the war that was being waged against another individual. ECF No. 28 ¶ 38. Just days after the threat by Dechert's Gerrard, RAKIA and/or its agents launched multiple websites with links to BitTorrent sites containing Mr. Azima's stolen data. The websites contained false, unsubstantiated, and negative allegations about Mr. Azima related to the claims that RAKIA and Dechert had previously made against Mr. Azima. *Id*. The first post on one of those websites was made from the UAE, of which RAKIA is a constituent member. *Id*. These websites were used to launder and promote Mr. Azima's stolen data by providing links to the BitTorrent sites containing the data.

The two websites that contained the disparaging comments about Mr. Azima and the links to the BitTorrent sites with his stolen data are: https://farhadazimascams.blogspot.com and https://exposedfarhadazima.wordpress.com/ (collectively the "Websites"). Blogspot is owned and operated by Google, Inc. Blogspot enables users to establish an online account, set up a blog website and post information to that website. Wordpress is owned and operated by Automattic,

Inc. Like Blogspot, Wordpress enables users to establish an online account, set up a blog website, and post information to that website. The person or entity that created the Blogspot website used the username "crimeboard" to create the website (there is no username associated with the Wordpress website).

On March 30, 2018, the Court denied RAKIA's Motion to Dismiss Mr. Azima's First Amended Complaint, finding, as noted above, that Mr. Azima had alleged plausible and actionable claims against RAKIA relating to the hacking of Mr. Azima's computers and the weaponization of his data. ECF No. 41. On April 13, 2018, RAKIA noted an interlocutory appeal of the Court's March 30, 2018, Order. Notice of Appeal, Apr. 13, 2018, ECF No. 43. The briefing in that appeal will not close until September 21, 2018. *See* Order, No. 18-7055, (D.C. Cir., June 29, 2018).

On May 18, 2018, over a month after noticing its interlocutory appeal, RAKIA filed a motion for certification of the Court's ruling on the issue of *forum non conveniens* for an interlocutory appeal. Def.'s Mot. Certification of Mar. 30, 2018 Order, May 18, 2018, ECF No. 45. That motion has been fully briefed and is pending before the Court.

Meanwhile, given the delay resulting from RAKIA's interlocutory appeal, Mr. Azima issued preservation letters to Google, Inc., Automattic Inc., Micfo, and Internet Security – New York asking those entities to preserve specific categories of data in their possession, custody or control that might be relevant to this case. *See* Exs. A-D. On June 5, 2018, Google refused to honor the preservation request, stating that "Google only takes steps to preserve data upon being properly served with valid legal process." *See* Ex. E. On June 7, 2018, Automattic responded to the preservation request stating that Automattic had preserved the requested data, but only for 90 days, and implied that it would not preserve data beyond that time or produce the data in the

absence of a subpoena pursuant to Fed. R. Civ. P. 45. *See* Ex. F. Micfo and Internet Security – New York have yet to respond to the preservation letters.

Under the circumstances, and to preserve both potentially discoverable evidence and the *status quo* in this case pending adjudication of RAKIA's appeal, Mr. Azima seeks leave of Court to serve Rule 45 subpoenas on (1) Google Inc.; (2) Automattic Inc.; (3) Micfo; and (4) Internet Security – New York, for relevant information about the websites and IP addresses at issue, including information regarding the operation of the accounts, identification of the individuals associated with the accounts, transaction and billing information, contact information, log-in records, log data, including the user's IP address, browser type, and operating system, creation and revision history, deleted posts, commenter information, website traffic logs, and communications relating to the websites. Mr. Azima respectfully submits that this request is appropriate, within the Court's authority, discretion and jurisdiction, would serve the interests of justice, would prevent potentially irreparable harm to Mr. Azima that could arise from the loss or destruction of relevant evidence and would not impose any undue burden whatsoever on RAKIA.

## ARGUMENT

In this Court, parties are generally prohibited from "seek[ing] discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). The Rule 26(f) conference typically occurs "21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). The timing for issuance of a scheduling order is governed by Rule 16(b)(1) and (2).

Nevertheless, a party may seek discovery prior to a Rule 26(f) conference "when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). In deciding discovery issues, including

whether to grant authorization to conduct discovery prior to the time restriction in Rule 26(d)(1), trial courts enjoy "broad discretion." *Malibu Media LLC v. Doe*, 64 F. Supp. 3d 47, 49 (D.D.C. 2014); *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 97-98 (D.D.C. 2014) (referring to the trial court's "broad discretion" in handling discovery matters). In the exercise of that discretion, this Court has typically applied a "good cause" or "reasonableness" standard for determining whether discovery prior to Rule 26(f) conference is appropriate. *See Malibu Media LLC*, 64 F. Supp. 3d at 49; *Guttenberg*, 26 F. Supp. 3d at 97-98 (endorsing a reasonableness approach for expedited discovery and describing the reasonableness approach as "a more liberal standard"); *Attkisson et al. v. Holder, et al.*, 113 F. Supp 3d 156, 161 (D.D.C. 2015) (endorsing a "good-cause" standard).[1] Under that standard, courts take into consideration "all of the surrounding circumstances" and consider "guidelines" factors, including "the breadth of the discovery requests," "the purpose for requesting the expedited discovery," "the burden on the defendants to comply with the requests" and "how far in advance of the typical discovery process the request was made." *Guttenberg*, 26 F. Supp. 3d at 98; *Attkisson*, 113 F. Supp. 3d at 162.

Moreover, the pendency of RAKIA's appeal does not preclude this Court from exercising its discretion and considering Mr. Azima's request. Although an appeal "divests the district court of control over those aspects of the case on appeal," *Princz v. Fed. Republic of Germany*, 998 F.2d 1, 1 (D.C. Cir. 1993), "it is settled that 'after appeal the trial court may, if the purposes of Justice require, preserve the status quo until decision by the appellate court.'" *Washington Metro. Area Transit Comm'n v. Reliable Limousine Serv., LLC*, 985 F. Supp. 2d 23, 29 (D.D.C. 2013) (quoting *Newton v. Consol. Gas Co. of New York*, 258 U.S. 165, 177 (1922)). For example, under Fed. R. Civ. P. 27, district courts have authority to permit depositions for use in

---

[1] Courts have continued to apply the "good cause" or "reasonableness" standard following the 2015 Amendments to Rule 26. *See, e.g., Malibu Media, LLC v. Doe*, No. 16-2014 (DLF), --- F. Supp. 3d ---, 2018 WL 2944505, at *1 (D.D.C. June 12, 2018).

further proceedings either before an action is filed or while a judgment is on appeal. The district court may order depositions "[i]f the court finds that perpetuating the testimony may prevent a failure or delay of justice." Fed. R. Civ. P. 27(b)(3). "Generally, Rule 27 applies to 'situations where, for one reason or another, testimony might be lost to a prospective litigant unless taken immediately.'" *Lucas v. Judge Advocate Gen., Naval Criminal Investigative Servs.*, 245 F.R.D. 8, 9 (D.D.C. 2007) *aff'd*, 279 F. App's 11 (D.C. Cir. 2008). And under Rule 62(c), courts have authority to grant an injunction to secure the rights of one of the parties. Fed. R. Civ. P. 62(c); *DL v. D.C.*, 845 F. Supp. 2d 1, 31 (D.D.C. 2011) *vacated and remanded on other grounds* 713 F.3d 120 (D.C. Cir. 2013). ("Rule 62(c) 'codifies the inherent power of a court to preserve the status quo where in its sound discretion, the court deems the circumstances so justify.'" (quoting *Christian Science Reading Room v. City & Cty. of San Francisco*, 784 F.2d 1010, 1017 (9th Cir.1986)).

    Mr. Azima respectfully requests that the Court should exercise its power and discretion to permit Mr. Azima to issue the limited written discovery to the four non-parties at issue in order to preserve potentially important and relevant evidence in this case. Consideration of the attendant factors and circumstances under the "good cause" and "reasonableness" standard strongly favors granting Mr. Azima the requested leave. First, the proposed discovery is narrowly tailored and focused. Mr. Azima is requesting limited information that may be in the possession of the non-parties and that is clearly discoverable in this case. Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case,"). The requested information is relevant to Mr. Azima's claim because it may provide information about the identity of those who created the websites that smeared Mr. Azima and included links to

BitTorrent sites with his stolen data. Second, the purpose of the discovery is entirely proper and reasonable. It is intended to preserve evidence that might otherwise become lost while RAKIA's appeal is pending. Two of the four non-parties who would be the recipients of the subpoenas have already indicated either that they will not preserve the data without a court order or that they will preserve only for a limited period of time.

Third, there would be no undue prejudice to or burden upon RAKIA or any of its associates from permitting this limited discovery at this time. Since the discovery will be directed to non-parties, RAKIA will have not any production obligations whatsoever. Fourth, Mr. Azima efficiently attempted to secure the preservation through informal requests to the non-parties but, unlike the movant in *Lucas*, 245 F.R.D. 8, is unable to preserve the data through other means, particularly given the responses from two of the non-parties so far. Fifth, the timing of this request is appropriate, especially in light of the Court's denial of RAKIA's motion to dismiss the First Amended Complaint. Were it not for RAKIA's pursuit of an interlocutory appeal, this Court likely would have already set a scheduling conference or issued a scheduling order, which would have enabled the parties to commence discovery regarding claims that this Court has found to be plausible and validly pled, including discovery directed to non-parties such as the four entities at issue in this Motion. Sixth, granting this request would not cause any delay in this case and, indeed, would facilitate the conduct of discovery in this case in the event it is remanded for merits litigation following the interlocutory appeal. Finally, granting this request would serve the interests of justice because there is a risk that relevant evidence could be lost in the absence of a court order permitting the requested discovery.

## CONCLUSION

For the foregoing reasons, Mr. Azima respectfully submits that the Court should grant the accompanying Motion and award Mr. Azima leave to issue document subpoenas to the above-reference internet service providers, consistent with the scope and terms described in Exhibits A-D, to the Motion for the preservation of evidence potentially relevant to this action.

Respectfully submitted,

Dated:  July 6, 2018

/s/ Charles F. B. McAleer, Jr.
Kirby D. Behre (D.C. Bar # 398461)
Timothy O'Toole (D.C. Bar # 469800)
Charles F. B. McAleer, Jr. (D.C. Bar # 388681)
Ian A. Herbert (D.C. Bar # 1019902)
Miller & Chevalier Chartered
900 16th Street, NW
Washington, D.C. 20006
Tel:       (202) 626-5800
Fax:      (202) 626-5801
Email: kbehre@milchev.com
Email: totoole@milchev.com
Email: cmcaleer@milchev.com
Email: iherbert@milchev.com

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 6th day of July, 2018, a true and genuine copy of the foregoing was sent by ECF to the following:

>Linda C. Goldstein (*pro hac vice*)
>Dechert LLP
>1095 Avenue of the Americas
>New York, NY 10036
>Telephone: (212) 698-3500
>Linda.goldstein@dechert.com
>
>D. Brett Kohlhofer (D.C. Bar # 1022963)
>Dechert LLP
>1900 K Street, NW
>Washington, D.C. 20006
>Telephone: (202)261-3349
>d.brett.kohlhofer@dechert.com
>
>*Attorneys for Defendant*

/s/ Charles F. B. McAleer, Jr._____
Charles F. B. McAleer, Jr.