UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FARHAD AZIMA | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 16-cv-1948 (KBJ) |
| RAK INVESTMENT AUTHORITY | ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

Before this Court at present is Plaintiff Farhad Azima's motion for leave to serve third-party subpoenas in order to preserve evidence with respect to a legal action that is currently pending before the court of appeals. Having considered the parties' arguments and the law surrounding a district court's jurisdiction to hear motions while an interlocutory appeal is pending, this Court has concluded that Azima's motion for leave to serve third party subpoenas must be **DENIED** for lack of jurisdiction.

I.

On March 30, 2018, this Court issued an opinion denying the motion to dismiss that RAK Investment Authority ("RAKIA") had filed in the instant matter—a case that involves Azima's claims that RAKIA "commissioned the repeated surreptitious hacking of his personal and business laptops from October 2015 to August 2016, and then published disparaging material that was illicitly gleaned from Azima's computers during the hacking." *Azima v. RAK Investment Auth.*, 305 F. Supp. 3d 149, 154 (D.D.C. 2018). The Court concluded that the motion to dismiss was meritless, because the

Court has subject matter jurisdiction over Azima's claims despite RAKIA's contention that it is entitled to sovereign immunity under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1604, and because *forum non conveniens* principles did not require that RAKIA's claims be litigated in the United Kingdom.  *See Azima*, 305 F. Supp. 3d at 154–55.  RAKIA filed an interlocutory appeal regarding the Court's FSIA determination on April 13, 2018, as the collateral order doctrine authorizes.  *See Agudas Chasidei Chabad of U.S. v. Russian Federation*, 528 F.3d 934, 939 (D.C. Cir. 2008); (Def.'s Notice of Interlocutory Appeal, ECF No. 43).  That appeal remains pending to date.

On July 6, 2018, after RAKIA had filed its appeal, Azima filed the instant "Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference to Preserve Evidence" ("Pl.'s Mot.").  (ECF No. 48.)  On September 7, 2018, this Court ordered the parties to submit supplemental briefing regarding whether the Court has jurisdiction to issue a limited preservation order to a third party, given that the court of appeals has taken jurisdiction over the threshold question of RAKIA's foreign sovereign immunity.  In its supplemental briefing, Azima first argues that RAKIA's appeal divested this Court of jurisdiction only over issues that are "related" to RAKIA's appeal, and that his motion seeking to compel third parties to preserve evidence is unrelated to the question of whether RAKIA is entitled to foreign sovereign immunity. (*See* Pl.'s Supp. Mem. Pursuant to the Court's Minute Order ("Pl.'s Mem."), ECF No. 59, at 2–3; Pl.'s Resp. to Def.'s Supp. Brief. ("Pl.'s Resp."), ECF No. 61, at 4–5.)[1] Azima further argues that, even if the Court otherwise lacks jurisdiction over his case,

---

[1] Page-number citations to the documents that the parties have filed refer to the page numbers that the Court's electronic filing system automatically assigns.

Federal Rule of Civil Procedure 27 separately authorizes the granting of his motion to preserve evidence. (*See* Pl.'s Mem. at 3–4.) For its part, RAKIA maintains that its appeal of this Court's FSIA determination has divested the Court of jurisdiction over the entire case and thus necessarily precludes the Court from granting Azima's motion to preserve evidence, because the Court "may not issue any further orders in 'continuation of the litigation, over which the court lacks jurisdiction.'" (Def.'s Supp. Mem. Regarding Jurisdiction to Issue Preservation Orders to Third Parties ("Def.'s Mem."), ECF No. 58, at 3–4 (quoting *Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 264 (4th Cir. 2011)); *see also* Def.'s Resp. to Pl.'s Supp. Mem. ("Def.'s Resp."), ECF No. 60, at 1–3.) RAKIA also argues that Federal Rule of Civil Procedure 27 does not authorize the Court to issue the type of preservation order Azima seeks while an interlocutory appeal remains pending. (*See* Def.'s Resp. at 3–5.) For the following reasons, this Court agrees with RAKIA.

II.

It is well established that the court of appeals has exclusive jurisdiction over issues pending on appeal, as "an appeal properly pursued from the district court's order divests the district court of control over those aspects of the case on appeal[.]" *Princz v. Fed. Repub. of Germany*, 998 F.2d 1, 1 (D.C. Cir. 1993) (per curiam) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)). This rule applies equally to interlocutory appeals. *See United States v. DeFries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997) (per curiam). Although there are "a few narrow exceptions to this rule, such as where the defendant frivolously appeals or takes an interlocutory appeal from a non-appealable order," those exceptions are not relevant here. *Id.* at

1302–03 (internal citations omitted).  The district court regains jurisdiction only once the court of appeals issues its mandate.  *See id.* at 1302.

While it is thus unquestionably true that filing an appeal divests a district court of jurisdiction over issues related to "those aspects of the case on appeal," *Princz*, 998 F.2d at 1, it is also true that a district court may, in specific contexts, retain jurisdiction over certain *unrelated* issues:

> [I]t is easy to imagine two courts having jurisdiction to proceed at once. . . . A district court may resolve the merits while the court of appeals deliberates about bond, may award attorneys' fees while the court of appeals addresses the merits, and so on, because *there is no concurrent exercise of power on the same subject and little overlap of issues*.

*Apostol v. Gallion*, 870 F.2d 1335, 1337–38 (7th Cir. 1989) (emphasis added).  Consequently, the question this Court must answer is whether Azima's pending motion—which seeks to invoke the jurisdiction of this Court to order third parties to preserve evidence—relates to the same subject matter as the case currently on appeal, which addresses whether RAKIA is immune to suit under the FSIA.

In this Court's view, because the pending appeal involves the threshold issue of foreign sovereign immunity, RAKIA's appeal has divested this Court of jurisdiction over the *entire* case, and thus the Court is without power to grant Azima's motion to order third parties to preserve evidence.  *See Princz*, 998 F.2d at 1; *Beaty v. Repub. of Iraq*, No. 03-215, 2007 WL 1169333, at *2 (D.D.C., Apr. 19, 2007) ("[A]n appeal from the denial of a motion to dismiss on sovereign-immunity grounds . . . divests the district court of jurisdiction over the entire case.").  By its plain language, the FSIA immunizes foreign states "from the jurisdiction of the courts of the United States."  28 U.S.C. § 1604.  And if a foreign state is immune from suit under the FSIA, then the district

court does not have subject matter jurisdiction to hear the plaintiff's claims or to issue orders relating to the merits of the case.  As the Tenth Circuit opined in the similar context of an appeal based on qualified immunity in an action brought pursuant to section 1983 of Title 42 of the United States Code:

> In contrast to some interlocutory appeals under 28 U.S.C. § 1292(b) that challenge discrete orders that can be carved out and isolated from the remainder of the case, a motion to dismiss the *entire* proceeding based on a defense of double jeopardy or qualified immunity cannot be so isolated.  If the defense is valid then no part of the action should proceed against the defendant.  In that regard, an interlocutory appeal from an order refusing to dismiss on double jeopardy or qualified immunity grounds relates to the entire action and, therefore, it divests the district court of jurisdiction to proceed with any part of the action against an appealing defendant.

*Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990) (emphasis in original; citations omitted).  Similar principles apply in the context of the defense of sovereign immunity; therefore, RAKIA's interlocutory appeal has similarly divested this Court of jurisdiction to "proceed with any part of the action," *id.*, including consideration of Azima's motion to preserve evidence.

Notably, because "no part of the action should proceed," *id.*, it is irrelevant that Azima's motion seeks an order *directed to third parties* rather than to RAKIA (*see* Pl.'s Mem. at 3 n.2 (arguing that the Court has authority to issue preservation orders directed at third parties because they "can be issued without any prejudice to RAKIA")).  To be sure, "[t]he proposed document subpoenas, which are addressed to non-parties . . . do not implicate RAKIA in any way *other than* RAKIA's potential liability[.]"  (Pl.'s Resp. at 4 (emphasis added).)  But it is precisely the question of RAKIA's potential liability—or, more specifically, whether this Court has jurisdiction to consider RAKIA's potential liability—that the court of appeals is now considering.  Thus,

5

Azima's motion to order third parties to preserve evidence *necessarily* relates to the threshold issue of sovereign immunity that RAKIA has raised in its appeal, and because that appeal remains pending before the court of appeals, this Court lacks jurisdiction to consider his motion.

III.

Federal Rule of Civil Procedure 27—pursuant to which a district court may order "depositions to perpetuate testimony" despite not having jurisdiction over a case—does not demand a different result. *See* Fed. R. Civ. P. 27; (*see also* Pl.'s Mem. at 3–4 (relying on Rule 27 to suggest that this Court can grant the preservation motion despite the pending appeal)). It is well established that "prevent[ing] a failure or delay of justice, by preserving and registering testimony which would otherwise be lost before the matter to which it relates could be made ripe for judicial determination[,]" *De Wagenknecht v. Stinnes*, 250 F.2d 414, 416–17 (D.C. Cir. 1957), is a significant goal that Rule 27 is designed to promote. *See id.*; *see also State of Arizona v. State of California*, 292 U.S. 341, 346–47 (1934) ("Bills to perpetuate testimony had been known as an independent branch of equity jurisdiction before the adoption of the Constitution."). Nevertheless, it is clear to this Court that Rule 27 has no application here.

By its plain language, Rule 27 authorizes the preservation of witness *testimony*, and *not* the preservation of documentary evidence on its own, which is what Azima seeks. *See* Fed. R. Civ. P. 27 ("Depositions to Perpetuate Testimony"); (Pl.'s Mot. at 1 (seeking to compel third parties to preserve evidence, for fear that those third parties "will not undertake certain document preservation actions in the absence of a formal

discovery request issued for or under the authority of this Court")). Specifically, pursuant to Rule 27(b), "[t]he court where a judgment has been rendered may, if an appeal has been taken or may still be taken, permit a party to depose witnesses to perpetuate their testimony for use in the event of further proceedings in that court." Fed. R. Civ. P. 27(b)(1). And only "[i]f the court finds that perpetuating the testimony may prevent a failure or delay of justice" may the court "issue orders like those authorized by Rule[] 34[.]" Fed. R. Civ. P. 27(b)(3); *see also* Fed. R. Civ. P. 34 (governing the production of documents and electronically stored information).[2] Thus, the plain thrust of Rule 27 is the preservation of testimony, which is not what Azima's motion requests. (*See* Pl.'s Mot. at 1.)

It appears that the 9th Circuit reads Rule 27 differently; it has concluded that "a party may, in a proper case, proceed under Rule 27 for an order under Rule 34 without taking a deposition at all[.]" *Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 55–56 (9th Cir. 1961) (analyzing Rule 27(a)(3), which applies in the context of petitions to perpetuate testimony before an action is filed, and which reads in relevant part that "[i]f satisfied that perpetuating testimony may prevent a failure or delay of justice, the court must issue an order" authorizing depositions, and "[t]he depositions may then be taken under these rules, and the court may issue orders like those authorized by Rule[] 34"); *see also App. of Deiulemar Compagnia di Navigazione S.p.A. v. Allegra*, 198 F.3d 473, 478 n.5 (4th Cir. 1999) (citing *Martin* for the proposition that "[p]erpetuation of

---

[2] Rule 27(b)(3) states in full: "If the court finds that perpetuating the testimony may prevent a failure or delay of justice, the court may permit the depositions to be taken and may issue orders like those authorized by Rules 34 and 35. The depositions may be taken and used as any other deposition taken in a pending district-court action." Fed. R. Civ. P. 27(b)(3); *see also* Fed. R. Civ. P. 35 ("Physical and Mental Examinations").

7

testimony includes the inspection of documents and things"). The 9th Circuit reasons that

> the purpose [of the Advisory Committee on Amendments to Rules's 1946 amendments to Rule 27]—and common sense—should prevail over the awkward form in which [Rule 27(a)(3)] is cast. The purpose is to make Rule[] 34 . . . applicable in proceedings to perpetuate testimony. Common sense says that there will be cases in which [Rule 34] should be applicable where a deposition is not necessary or appropriate. It may frequently occur that the only thing likely to be lost or concealed is a paper or object that should be subject to inspection . . . . In such cases, the party seeking to perpetuate such evidence should not be required to couple his request with a request that a deposition be taken.

*Martin*, 297 F.2d at 56. The court thus has provided two reasons for its interpretation, neither of which this Court finds persuasive.

First, to the extent that the 9th Circuit indicates that the Advisory Committee's purpose behind how it worded Rule 27 should direct how the Rule is interpreted, *see id.*, the Advisory Committee's purpose in wording Rule 27 as it did was unquestionably to clarify that Rule 34 may be "applicable in proceedings to perpetuate *testimony*." *Id.* (emphasis added); *see also id.* (describing the Advisory Committee's 1946 amendments to Rule 27, which sought to "clarif[y]" that Rule 34 is "applicable in proceedings to perpetuate testimony" (internal quotation marks and citation omitted)). Thus, under the 9th Circuit's own logic, the proceedings must be to perpetuate "testimony," which by definition does not include documentary or physical evidence. *See, e.g.*, Black's Law Dictionary 1704 (10th ed. 2014) (defining "testimony" as "[e]vidence that a competent witness under oath or affirmation gives at trial or in an affidavit or deposition"). And the Rule that the Advisory Committee crafted plainly states that a court may order the preservation of documents, *so long as* the court issues the order in a proceeding to

8

perpetuate *testimony*.  *See* Fed. R. Civ. P. 27(a)(3), (b)(3).

Second, the 9th Circuit argues that common sense should govern how Rule 27 is read.  *See Martin*, 297 F.2d at 56.  But courts are not free to ignore the plain language of the Federal Rules in order to serve "common sense" policy goals, no matter how sensible those goals might be.  As the D.C. Circuit has noted, "although common sense certainly plays a role in statutory construction, common sense does not excuse us from engaging in the thorny task of determining what Congress intended when it passed a statute."  *U.S. v. Villanueva-Sotelo*, 515 F.3d 1234, 1249 (D.C. Cir. 2008).  And here, that task is far from thorny:  Rule 27's plain text makes crystal clear what the Advisory Committee intended.  It states that "[i]f the court finds that perpetuating the testimony may prevent a failure or delay of justice," then the Court is authorized to "issue orders like those authorized by Rule[] 34[.]"  Fed. R. Civ. P. 27(b)(3).[3]

IV.

For the reasons explained above, this Court concludes that it lacks jurisdiction to

---

[3] Even if the Court somehow found that Rule 27 authorized consideration of Azima's motion to preserve evidence, the Court would still deny the motion.  Azima has not met the requirements for a Rule 27(b) motion; *i.e.*, he has not provided "the name, address, and expected substance of the testimony of each deponent[.]"  Fed. R. Civ. P. 27(b)(2)(A); (*see also* Pl.'s Mem. in Support of Pl.'s Mot. ("Pl.'s Mem. in Support"), ECF No. 48-2, at 4 (describing evidence sought to be preserved)).  Additionally, the Court would not be persuaded to grant a Rule 27(b) motion in order to preserve evidence that merely "may be relevant to this action," and where there exists only "a risk that relevant evidence *could* be lost in the absence of a court order[.]"  (Pl.'s Mot. at 1; Pl.'s Mem. in Support at 7 (emphasis added)); *see also Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 976 (11th Cir. 1985) (affirming district court's denial of Rule 27(b) motion where the "motion alleges only that the two witnesses were not 'immune from the uncertainties of life (and death)'" and the moving party "was genuinely concerned that the documents [sought] could be destroyed").

consider Azima's motion to compel third parties to preserve evidence.

Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference to Preserve Evidence is **DENIED**.


DATE:  November 5, 2018             *Ketanji Brown Jackson*
                                    KETANJI BROWN JACKSON
                                    United States District Judge