**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| FARHAD AZIMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-1948 (KBJ) |
| | ) | |
| RAK INVESTMENT AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

On June 18, 2019, the U.S. Court of Appeals for the District of Columbia Circuit

reversed this Court's "denial of [Defendant RAK Investment Authority]'s motion to

dismiss on forum non conveniens grounds[,]" *Azima v. RAK Inv. Auth.*, 926 F.3d 870,

880 (D.C. Cir. 2019), "so that [the case] can instead proceed in England[,]" *id.* at 872,

pursuant to a "forum-selection clause [that] is applicable, mandatory, valid, and

enforceable[.]" *Id.* at 876.  In its ruling, the D.C. Circuit specifically noted that

Defendant had "agreed to waive its sovereign immunity if [Plaintiff] brings a

counterclaim for damages in the English Action." *Id.*  Accordingly, and consistent with

the Mandate of the D.C. Circuit (*see* ECF No. 63), it is hereby

**ORDERED** that Defendant's [31] Motion to Dismiss Pursuant to the Doctrine of

*Forum Non Conveniens* is **GRANTED** and, as a result, Plaintiff's case is **DISMISSED**.

As per the terms of the D.C. Circuit's opinion, the dismissal of the instant action is

premised on Defendant's agreement to waive its sovereign immunity in England with

respect to Plaintiff's counterclaim for damages, and the instant dismissal order does not

prejudice Plaintiff's ability to bring, in the courts of England, any claim that Plaintiff

has asserted in the instant action.  It is

       **FURTHER ORDERED** that Defendant's [64] Motion To Direct Entry Of

Judgment is **DENIED AS MOOT**.


DATE:  July 9, 2020
                    *Ketanji Brown Jackson*
                    KETANJI BROWN JACKSON
                    United States District Judge

2